IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-313 MJR |
| | ) | |
| ALAN UCHTMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Currently pending before the Court are Defendant Michael Williams's Motion to Compel (Doc. 26) and Motion to Quash Plaintiff's Request for Deposition Upon Written Questions (Doc. 38), and Plaintiff Anthony Steele's Motion for Leave to File an Amended Complaint (Doc. 40) and Motion for an Extension of Time to File a Response to the Defendants' Motions for Summary Judgment (Doc. 54).

**DISCOVERY MOTIONS**

On April 2, 2008, Defendant Michael Williams filed a motion to compel the Plaintiff to respond to Defendant Williams's interrogatories and requests for production (Doc. 26) because Plaintiff had failed to respond to those requests, which Defendant Williams had mailed to him on November 17, 2007. The Court recognizes that this motion was filed some time ago. In the interim, the case has proceeded comparatively smoothly for prisoner litigation. On September 29, 2008, Defendant Williams filed a Motion for Summary Judgment, supported by Plaintiff's deposition transcript (Doc. 45-3), Plaintiff's medical records (Doc. 45-4), the affidavit of Defendant Williams (Doc. 45-5), and Illinois Department of Corrections policies (Doc. 45-6). Based upon these filings, the Court believes that Defendant Williams was able to conduct discovery successfully, culminating in the fully-supported motion for summary judgment. As such, the Court believes the Motion to

Compel is no longer necessary and should be denied. If Defendant Williams still faces difficulty receiving discovery responses from Plaintiff, he is not precluded from filing additional motions to that effect. Accordingly, Defendant Michael Williams's Motion to Compel (Doc. 26) is **DENIED without prejudice**.

On July 15, 2008, Defendant Michael Williams filed a Motion to Quash Plaintiff's Request for Deposition Upon Written Questions (Doc. 38) because the request did not conform to the dictates of Rule 31 of the Federal Rules of Civil Procedure in that it was not directed to the officer before whom the deposition will be taken. In addition, Defendant Williams argues that a deposition upon written questions should not act as a substitute for written interrogatories. Plaintiff already submitted written interrogatories to Defendant Williams, to which Defendant Williams has responded. Plaintiff did not respond to this motion. The Court notes that approximately one month after the filing of this motion, Defendant Williams filed with the Court his responses to Plaintiff's requests for admissions (Doc. 39). The Motion to Quash Plaintiff's Request for Deposition upon Written Questions (Doc. 38) is **GRANTED**. Defendant Williams shall not be required to respond to or comply with that request.

## MOTION FOR LEAVE TO AMEND

On August 25, 2008, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 40). Plaintiff seeks leave to amend for two reasons: 1) to identify Defendant "Jack" named in the original complaint as Jack Mohr, and ask the Court to effect service upon Defendant Jack Mohr, and 2) to expand and elaborate on his statement of facts. In response, Defendants argue that Jack Mohr is correctly named in the Court's docket and that a Waiver of Service as to Jack Mohr was returned unexecuted on August 14, 2007. Defendants further argue that there is no need for an amended

complaint in the action because Plaintiff's only other changes are to expand the statement of facts. Plaintiff does not contradict or change any facts stated in the original complaint, he merely elaborates upon the facts already stated in the complaint.

Upon review of the docket, it appears that a request for waiver of service was sent to Jack Mohr on August 2, 2007 (Doc. 13). The accompanying USM-285 form named only "Nurse Jack." The waiver was returned unexecuted on August 14, 2007, with the notation, "Menard CC requires a full name for ID purposes." Although the USM-285 did not state the Defendant's full name, the Request for Waiver of Service was directed to "Jack Mohr." The Court can only assume that the Menard official receiving the Request for Waiver looked only at the USM-285 and not the Request for Waiver itself in making the above-noted response. To date, Defendant Jack Mohr has not been served and therefore has not answered the complaint. Plaintiff filed a corrected USM-285 on August 25, 2008. There is no indication in the docket that a second request for waiver based upon the corrected USM-285 was ever prepared and submitted to the Menard Correctional Center, nor is there indication that the United States Marshal Service ("USMS") informed the Court that it needed additional information to identify Defendant Mohr, or that it needed an order from the Court directing the Illinois Department of Corrections to provide the USMS with Defendant Mohr's last known address so that the USMS could attempt to effect service upon him. Based upon these facts, the Court does not believe that it is necessary for Plaintiff to file an amended complaint to identify Jack Mohr as a defendant in the action. He is already identified correctly in the docket. The Court believes, however, that Defendant Jack Mohr was never properly served.

*Accordingly, the Court **DIRECTS** the Clerk to prepare a second Request for Waiver of Service and service packet based upon the corrected USM-285 filed by Plaintiff on August 25, 2008.*

*If the waiver is returned unexecuted, the clerk is **FURTHER DIRECTED** to prepare summons for Defendant Jack Mohr and the United States Marshal Service is **DIRECTED** to serve Jack Mohr in accordance with Fed. R. Civ. P. 4 and the procedures established in this District for service of defendants in prisoner cases by the United States Marshal Service.*

Regarding Plaintiff's request to amend the complaint to expand upon his statement of facts, the Court agrees with Defendants that amendment for this purpose would be futile. Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004). Plaintiff need not state all the facts that will eventually be produced during discovery in his complaint. To date, motions for summary judgment have been filed by all Defendants. To the extent Plaintiff wishes the Court to be apprised of additional facts adduced during the course of discovery, he should present them in his response to the motion for summary judgment by affidavit or by other means contemplated by FED. R. CIV. P. 56. Accordingly, Plaintiff's Motion for Leave to Amend the Complaint (Doc. 40) is **DENIED**.

**MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO THE MOTIONS FOR SUMMARY JUDGMENT**

On February 17, 2009, Plaintiff filed a Motion for Extension of Time to Respond to the Defendants' Motions for Summary Judgment (Doc. 54). He states that he was released from prison on September 26, 2008. On October 5, 2008, he was reincarcerated on new charges. Due to the inevitable changes of location this has entailed, Plaintiff has been unable to properly respond to the motions for summary judgment. He asks for an additional 70 days to file a response. This request is **GRANTED**. Plaintiff shall file his response to the Motions for Summary Judgment on or before

**May 15, 2009.**  The Court will not grant any further extensions of time to respond.

**IT IS SO ORDERED.**

**DATED:  March 31, 2009**

                                                                                    **s/ Donald G. Wilkerson**
                                                                                    **DONALD G. WILKERSON**
                                                                                    **United States Magistrate Judge**